**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Supply Source Enterprises, Inc*., et al.*,[1] | Case No. 24-11054 (___) |
| Debtors. | (Joint Administration Requested) |
| | **Hearing Date: TBD**<br>**Objection Deadline: June 4, 2024 at 4:00 p.m. (ET)** |

**DEBTORS' FIRST OMNIBUS MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT
CERTAIN UNEXPIRED LEASE AND EXECUTORY CONTRACT EFFECTIVE
AS OF THE REJECTION DATES AND (II) GRANTING RELATED RELIEF**

---

**PARTIES RECEIVING THIS MOTION SHOULD
LOCATE THEIR NAMES AND THEIR LEASES LISTED ON EXHIBIT 1
TO THE PROPOSED ORDER ATTACHED HERETO AS EXHIBIT A.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in the

above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this motion (this

"Motion") for an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed

Order"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") (i) authorizing the Debtors to reject (a) an unexpired membership agreement for use of an

office space and (b) an unexpired lease (collectively, the "Leases") identified on **Exhibit 1** to the

Proposed Order, effective as of the dates indicated thereon (the "Rejection Dates" and each

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: Supply Source Enterprises, Inc. (0842); SSE Intermediate, Inc. (1772); SSE Buyer, Inc. (5901); Impact Products, LLC (7450); and The Safety Zone, LLC (4597). The Debtors' headquarters are located at 385 Long Hill Road, Guilford, Connecticut 06437.

individually a "Rejection Date") and (ii) granting certain related relief.  In support hereof, the

Debtors respectfully submit as follows:

### JURISDICTION AND VENUE

1.        The United States Bankruptcy Court for the District of Delaware (this "Court") has

jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates, and these

matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the*

*United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.        Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors

consent to the entry of a final judgment or order with respect to this Motion if it is determined that

this Court, absent consent of the parties, cannot enter final orders or judgments consistent with

Article III of the United States Constitution.

3.        Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408

and 1409.

4.        The statutory bases for the relief requested herein are sections 105 and 365 of the

Bankruptcy Code and Rules 6006 and 6007 of the Bankruptcy Rules.

### GENERAL BACKGROUND

5.        On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtors have also filed a

motion requesting joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule

1015(b).  The Debtors are operating their business and managing their properties, as debtors in

possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No request for the

appointment of a trustee or examiner has been made, and no official committees have been appointed in these Chapter 11 Cases.

6.      The Debtors are leading distributors of branded and private label personal protective equipment and janitorial, safety, hygiene, and sanitation products.  The Debtors' key products fall into the categories of gloves, core cleaning, safety, and food service.  Working directly with suppliers and vendors in in the United States and Asia, the Debtors source, supply, and ship their products to a diverse customer base, including janitorial and sanitation providers, supply distributors, safety products resellers and wholesalers, and food service and food processing distributors and retailers.  Additionally, the Debtors offer advanced customization capabilities, hot stamping, pad printing, and silk-screening labeling services for unique design, logo, or packaging specification requested by customers.

7.      Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Thomas Studebaker in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which is incorporated herein by reference.[2]

**FACTS RELEVANT TO THIS MOTION**

8.      As set forth in greater detail in the First Day Declaration and the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Designating the Stalking Horse Bidder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

11518534v.1

*Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (the "Bidding Procedures and Sale Motion") filed concurrently herewith, starting in January 2024, the Debtors began a marketing process for their assets.

9.      In connection with their efforts to preserve and maximize the value of their estates, the Debtors have identified certain burdensome Leases that are not necessary for the sale or do not otherwise benefit the Debtors on a going-concern basis, and thus should be rejected rather than cause the Debtors' estates to potentially accrue administrative expenses in the form of payments under those Leases.  Accordingly, in the exercise of their business judgment, the Debtors seek to reject the Leases.

### I.      The Leases

10.      Debtor Supply Source Enterprises, Inc., is party to the Leases, which are subject to rejection as an executory contract and a non-residential real property lease pursuant to section 365(a) of the Bankruptcy Code.  After careful review, the Debtors have determined that the Leases are no longer necessary or otherwise beneficial to their estates as the Debtors intend to sell substantially all of their assets and actively wind up and liquidate the remaining parts of their business.  Therefore, in order to prevent administrative expenses from continuing to accrue in these Chapter 11 Cases, and given the fact that the Debtors have vacated, or will shortly vacate, the premises under the Leases (the "Leased Premises"), the Debtors seek to reject the Leases as of their respective Rejection Date.  The Debtors have provided the non-Debtor contract counterparties to the Leases (the "Landlords") notice of their unequivocal intent to reject the Leases by the

respective Rejection Date, and that they will not be returning to the Leased Premises. The physical

keys and alarm access codes (if any) were turned over, or will be immediately turned over, to the

Landlords prior to or on the respective Rejection Date.

11.     In an abundance of caution, to the extent the Debtors left any personal property

(e.g., furniture, fixtures and equipment) at the Leased Premises, the Debtors request authority to

abandon such property to the Landlords as of the respective Rejection Date. The Debtors request

that, upon such abandonment, (a) the Landlords may, in their discretion and without further notice

or order of this Court, utilize and/or dispose of such property without liability to the Debtors, and

(b) to the extent applicable, the automatic stay be modified to allow such disposition.

## BASIS FOR RELIEF

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the

court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C.

§ 365(a). Courts routinely approve motions to reject executory contracts or unexpired leases upon

a showing that the debtor's decision to take such action will benefit the debtor's estate and is an

exercise of sound business judgment. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984)

(stating that the traditional standard applied by courts to authorize the rejection of an executory

contract is that of "business judgment"); *see also In re Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re*

*Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

13.     Courts generally will not second-guess a debtor's business judgment concerning

the rejection of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*,

261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract

must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal

quotations omitted)). The "business judgment" test is not a strict standard; it merely requires a

showing that either assumption or rejection of the executory contract or unexpired lease will

benefit the debtor's estate. *N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513.  Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

14.     The Debtors have validly exercised their business judgment by electing to reject the Leases.  As stated above, the Debtors have no use for the Leased Premises because they intend to sell substantially all of their assets.  Further, the Leases, which were entered into in connection with the Debtors' operation of the Leased Premises, hold no value to the Debtors since the Debtors are ending all operations at the Leased Premises.  Accordingly, the Debtors respectfully submit that it is appropriate, and within the Debtors' business judgment, to reject the Leases to reduce any potential administrative burden to the estates.

15.     Rejection as of the respective Rejection Date is appropriate here because the Debtors vacated the Leased Premises, returned the physical keys and access codes (if any) related to those Leased Premises to the appropriate Landlords, and provided their unequivocal intent to reject the Leases concurrently with the filing of this Motion.  *See In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003).  Accordingly, rejection as of the respective Rejection Date is equitable and just under these circumstances.  11 U.S.C. § 105(a).

11518534v.1

16.     The rejection of the Leases is a sound and appropriate exercise of the Debtors' business judgment.  As described above, the Debtors have determined that they will no longer need the real properties covered under the Leases—thus rejecting the Leases will reduce the administrative burdens on the estates.

## REQUEST FOR IMMEDIATE RELIEF & WAIVER OF STAY

17.     Pursuant to Bankruptcy Rule 6004(h), the Debtors seek a waiver of any stay of the effectiveness of an order granting this motion, to the extent that it is applicable.  Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The relief requested herein is essential to avoid the potential accrual of unnecessary administrative expenses.  Accordingly, the Debtors submit that, to the extent that Bankruptcy Rule 6004(h) applies, ample cause exists to justify a waiver of the fourteen-day stay..

## NOTICE

18.     Notice of this motion will be provided to the following parties or their respective counsel:  (a) the Office of the United States Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the DIP Lender; (d) the Prepetition Secured Parties; (e) the Landlords; (f) any statutory committee appointed in these Chapter 11 Cases and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

11518534v.1

## NO PREVIOUS REQUEST

19.     No previous request for the relief sought herein has been made by the Debtors to

this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially

in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and

further relief as is just.

Dated: May 21, 2024          Respectfully submitted,
        Wilmington, Delaware

          */s/ M. Blake Cleary*
          M. Blake Cleary (No. 3614)
          R. Stephen McNeill (No. 5210)
          Katelin A. Morales (No. 6683)
          **POTTER ANDERSON & CORROON LLP**
          1313 N. Market Street, 6th Floor
          Wilmington, Delaware 19801
          Telephone: (302) 984-6000
          Facsimile:  (302) 658-1192
          Email: bcleary@potteranderson.com
                  rmcneill@potteranderson.com
                  kmorales@potteranderson.com

          and-

          Felicia Gerber Perlman
          Bradley Thomas Giordano
          Carole M. Wurzelbacher
          **McDERMOTT WILL & EMERY LLP**
          444 West Lake Street
          Chicago, IL 60606-0029
          Telephone: (312) 372-2000
          Facsimile: (312) 984-7700
          Email:  fperlman@mwe.com
                  bgiordano@mwe.com
                  cwurzelbacher@mwe.com

          *Proposed Counsel to the Debtors and*
          *Debtors in Possession*

8

11518534v.1

# EXHIBIT A

## Proposed Order

11518534v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Supply Source Enterprises, Inc*., et al.*,[1] | Case No. 24-11054 (___) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No. __** |

**ORDER (I) AUTHORIZING THE DEBTORS TO REJECT
CERTAIN UNEXPIRED LEASE AND EXECUTORY CONTRACT EFFECTIVE
AS OF THE REJECTION DATES AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of the debtors and debtors in possession

in the above-captioned cases (the "Debtors") for entry of an order, pursuant to sections 105(a) and

365 of the Bankruptcy Code[2] and Rules 6006 and 6007 of the Bankruptcy Procedure; and the Court

having reviewed the Motion and having found that (i) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C.

§ 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion

was adequate and that no other or further notice is necessary; and after due deliberation the Court

having determined that the relief requested in the Motion is necessary and essential for the

administration of the Debtors' estates and such relief is in the best interests of the Debtors, their

estates, their creditors, and all other parties-in-interest; and the legal and factual bases set forth in

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: Supply Source Enterprises, Inc. (0842); SSE Intermediate, Inc. (1772); SSE Buyer, Inc. (5901); Impact Products, LLC (7450); and The Safety Zone, LLC (4597). The Debtors' headquarters are located at 385 Long Hill Road, Guilford, Connecticut 06437.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Motion.

11518534v.1

the Motion having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

2.      Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, the Leases listed on **Exhibit 1** are hereby rejected by the Debtors effective as of the respective Rejection Date.

3.      The Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate, to implement and effectuate this Order.

4.      The Debtors are authorized and deemed to have abandoned any personal property (e.g., furniture, fixtures and equipment) remaining in the Leased Premises as of the respective Rejection Date.  The respective Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

5.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall:  (a) constitute an admission as to the validity or priority of any claim against the Debtors; (b) constitute a waiver of the Debtors' rights to dispute any claim; or (c) constitute a determination that a Lease was executory, unexpired, or otherwise not in full force and effect as of the respective Rejection Date.

2

3

6.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

11518534v.1

**Exhibit 1**

**Leases**

| # | Debtor | Landlord/ Contract Counterparty | Location of Leased Property/Description of Contract | Rejection Date |
|---|--------|-------------------------------|----------------------------------------------------|----------------|
| 1 | Supply Source Enterprises, Inc. | ESPACES Operations Inc. | Membership Agreement and Dedicated Space Membership Agreement Addendum for the period September 1, 2023 through August 31, 2024 | 5/31/2024 |
| 2 | Supply Source Enterprises, Inc. | UNICO ONE NASHVILLE PLACE, LLC and ALCO NASHVILLE, LLC | One Nashville Place 150 Fourth Avenue North, Suite 1810 Nashville, TN 37219 | 5/21/2024 |

11518534v.1