## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Supply Source Enterprises, Inc, *et al.*, [1] | Case No. 24-11054 (BLS) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## SSE BUYER, INC. (CASE NO. 24-11053)

---

[1]    The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: Supply Source Enterprises, Inc. (0842); SSE Intermediate, Inc. (1772); SSE Buyer, Inc. (5901); Impact Products, LLC (7450); and The Safety Zone, LLC (4597). The Debtors' headquarters are located at 385 Long Hill Road, Guilford, Connecticut 06437.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Supply Source Enterprises, Inc.*, et al.*,[1] | Case No. 24- 11054 (BLS) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS
## AND METHODOLOGY REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These Global Notes and Statement of Limitations and Methodology Regarding the Debtors' Schedules and Statements (the "Global Notes") comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of the information and data used in preparing the Schedules and Statements. Inadvertent errors, omissions, or inaccuracies may exist in the Schedules and Statements.  The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: Supply Source Enterprises, Inc. (0842); SSE Intermediate, Inc. (1772); SSE Buyer, Inc. (5901); Impact Products, LLC (7450); and The Safety Zone, LLC (4597).  The Debtors' headquarters are located at 385 Long Hill Road, Guilford, Connecticut 06437.

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

## I.    Notes Applicable to all Schedules and Statements

**Note 1: Reporting Date**.  All asset and liability information, except where otherwise noted, is provided as of May 21, 2024 (the "Petition Date").

**Note 2: Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Note 3: Signatory**.  Thomas Studebaker has signed each set of Schedules and Statements.  Mr. Studebaker serves as Chief Restructuring Officer of the Debtors and is an authorized signatory for each of the Debtors in these chapter 11 cases.  In reviewing and signing the Schedules and Statements, Mr. Studebaker has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their legal and financial advisors.  Mr. Studebaker has not personally verified and could not personally verify the accuracy of each such statement and representation, but believes them to be true, correct, and accurate as of the date he signed the Schedules and Statements.

**Note 4: Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  These Schedules and Statements were not filed with the United States Securities and Exchange Commission (the "SEC") or any other authority, and neither the SEC nor any state authority has passed upon the accuracy or adequacy of the Schedules and Statements, or upon the merits of the Schedules and Statements.  In 2020, a private equity fund acquired the Debtors and its subsidiaries in a carve-out transaction. In an effort to create one consolidated and fully integrated business, all books and records and record keeping obligations were transferred to Impact Products, LLC in Spring of 2022. As of the Petition Date, the Debtor's books and records are still maintained at Impacts Products, LLC.  The Schedules and Statements are presented on a Debtor by Debtor basis; however, Impact Products, LLC is the only Debtor with activity to report.

**Note 5: Net Book Value**.  In certain instances, current market valuations for individual items of property and other assets are neither maintained by nor readily available to the Debtors.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date.

**Note 6: Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

**Note 7: Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are undetermined amounts, the actual total may be different from the listed total.

**Note 8: Causes of Action**.  Despite their reasonable efforts to identify all known assets, the

Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action, or in any way prejudice or impair the assertion of such claims or Causes of Action.

**Note 9: Claim Designation**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

**Note 10: Fiscal Year**. Each Debtor's fiscal year ends on December 31.

**Note 11: Taxes:** The Debtors file federal tax returns on a consolidated basis through SSE Acquisition Holdings, LLC, a non-Debtor affiliate entity. State and local taxes are filed separately or on a consolidated basis consistent with requirements of each applicable jurisdiction.

**Note 12: Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such known leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

**Note 13: Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

**Note 14: Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

**Note 15: Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and

records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

**Note 16: Insiders**. In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities that the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. Persons and entities listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Statement, Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

**Note 17: Payments**. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their business (the "Cash Management System") (as described in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Perform Intercompany Transactions, and (D) Maintain Existing Business Forms; (II) Authorizing the Debtors' Banks to Honor All Related Payment Requests; and (III) Granting Related Relief* [Docket No. 7]) (the "Cash Management Motion"). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

**Note 18: Reservation of Rights**. In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time of their preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, inadvertent errors or omissions might exist, and subsequent information or discovery might result in material changes or modification to the Schedules and Statements that require the Debtors to file amended Schedules and Statements. **The Debtors reserve all of their rights under Bankruptcy Rule 1009 to amend or modify any of the Schedules and Statements, including with respect to the treatment, characterization, classification, amount, omission, or inclusion of any claims, assets, liabilities, or executory contracts, and to the extent necessary to advance positions in these chapter 11 cases that might conflict with the Schedules and Statements.**

## II.     Notes to Schedules of Assets and Liabilities

1.     *Schedule A/B – Assets*. All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the Petition Date, unless otherwise noted below.

***Schedule A/B, Part 1 – Cash***.  The cash and cash equivalents listed in the Schedules reflect values as of end of business close on the Petition Date.

***Schedule A/B, Part 2, Question 8 – Prepayments, Including Prepayment on Executory Contracts, Leases, Insurance, Taxes, and Rent.***  The Debtors have made the determination that, as of the Petition Date, there may be up to approximately $2.6 million in value that has been prepaid related to insurance, taxes, rent, inventory, and other items.  The prepaid amounts related to inventory capture amounts required to be paid in advance by certain vendors to release product critical to operations.

***Schedule A/B, Part 3 – Accounts Receivable***.  The receivables listed in the Schedules reflect values as of the Petition Date and include receivables from the Debtors' customers.  These amounts are calculated gross of any amounts that, as of the Petition Date, may be owed for customer credits.

***Schedule A/B, Part 5 – Inventory, Excluding Agricultural Assets.***  Balances for finished goods are based on book value calculated as of the Petition Date.  The Debtors have classified certain items that are technically work in progress ("WIP") as "finished goods," as such inventory, although still in process to be screened for bespoke customer orders, could be sold as a finished product before screening.  Amounts reported within are gross of any reserves for obsolete inventory.  In-transit inventory category allocation is derived by vendor names.  This may result in values reported being spread to more than one category.  In-transit inventory values exclude associated landed costs including ocean freight, domestic freight, duty, and tariff costs.  Amounts listed as property purchased within twenty (20) days prior to the Petition Date reflect gross inventory receipts delivered to certain Debtor warehouses.

***Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles***.  Dollar amounts are presented net of accumulated depreciation and other adjustments.  Unless otherwise indicated, owned property and equipment are listed at net book value.

***Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles***.  Despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may have not listed all of their machinery, equipment, rolling stock, and/or vehicles on Schedule A/B, Part 8.  The Debtors reserve the right to amend and supplement the Schedules if any such additional assets are identified.

***Schedule A/B, Part 10 – Intangibles***.  The value of the Debtors intangible assets is listed on Schedule A/B, Part 10 as undetermined as the Debtors have not conducted a recent valuation of intangible asset value.

***Schedule A/B, Part 11 – All Other Assets***.  The debtors maintain Net Operating Losses ("NOLs") related to prior years performance at SSE Acquisition Holdings, LLC, a non-Debtor affiliate entity.  Accordingly, such NOLs are not included herein.  Additionally, despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action, potential causes of action, potential counterclaims, or potential crossclaims against third parties as assets in their Schedules.

2.   ***Schedule D – Creditors Who Have Claims Secured by Property***.  Except where otherwise noted, the value of all secured liabilities listed on Schedule D are calculated as of the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, subject to the Debtors' rights pursuant to any applicable court order.  By listing an "amount of claim" in Schedule D, the Debtors are not admitting or waiving any rights to assert that all or any portion of such claim is unsecured.  Further, the listing of a claim as secured is not an admission as to the validity of any lien.  Finally, although there are multiple parties that may hold a portion of the debt included in the Debtors' prepetition funded debt, only administrative agents have been listed for purposes of Schedule D.  The amounts reflected outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.

The descriptions provided in Schedule D are intended only to be a summary.  In certain instances, a Debtor may be a co-obligor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  Nothing in Schedule D and/or the Global Notes shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated, real property lessors, equipment lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.  The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's claim.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

3.   ***Schedule E/F – Creditors Who Have Unsecured Claims***.  Except where otherwise noted, the value of all unsecured liabilities listed on Schedule E/F are calculated as of the Petition Date.

The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  Some of the scheduled liabilities may be unknown, contingent and/or unliquidated at this time.  In such cases, the amounts may be listed as "Undetermined."

Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.

***Paid Claims***.  The Debtors have authority to pay certain outstanding prepetition liabilities pursuant to the Bankruptcy Court's first day orders (collectively, the "First Day Orders"). As such, certain liabilities listed in these Schedules and Statements may have been subsequently reduced or satisfied pursuant to the First Day Orders notwithstanding the fact that the Debtors have listed claims and payables as of the Petition Date in these Schedules and Statements.

***Excluded Liabilities***.  The Debtors have potentially excluded certain categories of liabilities from the Schedules and Statements.  The Debtors have also excluded potential Claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist.  Other immaterial liabilities may also have been excluded.

***Part 1 – Creditors with Priority Unsecured Claims***.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.

Pursuant to the *Final Order (I) Authorizing But Not Directing, the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 131] (the "Employee Wage Order"), the Debtors received authority to pay certain prepetition obligations, including certain employee wages and other employee benefits in the ordinary course of business.  Additionally, claims against the Debtors on account of wage or wage-related obligations may maintain priority under section 507 of the Bankruptcy Code, but are subject to the priority cap imposed under subsections (a)(4) and (a)(5) of section 507 of the Bankruptcy Code.  The Debtors believe that such claims have been or will be satisfied in the ordinary course during the chapter 11 cases pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court. Accordingly, such claims have been excluded from Schedule E/F, Part 1.

***Part 2 – Creditors with Nonpriority Unsecured Claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made reasonable attempts to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  The amounts listed on schedule E/F may not reflect any right of setoff or recoupment, and the Debtors reserve any such setoff or recoupment rights.  Additionally, certain creditors may assert materialmans' or other similar liens against the Debtors for amounts listed in Schedule E/F.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred

on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to amend Schedules D and E/F if, or when, the Debtors receive such invoices.

4.    ***Schedule G – Executory Contracts and Unexpired Leases***. Although the Debtors have made reasonable efforts to attribute an executory contract or unexpired lease to the applicable Debtor counterparty on Schedule G, because the Debtors' books and records and accounting is held at Debtor Impact Products, LLC all executory contracts and unexpired leases have been attributed to Debtor Impact Products, LLC. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend, supplement, or otherwise modify Schedule G.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. These rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, and title agreements. To the extent that such documents constitute executory contracts, the documents may have been omitted.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, some of which may be oral. While the Debtors have made every effort to reflect the current agreements, to the extent such contracts or agreements constitute executory contracts, certain of these contracts and agreements may not be listed individually on Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any contract, agreement, document or other instrument related to a creditor's claim. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements,

8

or other agreements made directly or indirectly by any agreements, instruments, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors have exercised reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor.

The Debtors' customer programs are not captured in schedule G and are further explained in the Debtors' *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Honor Certain Prepetition Obligations to Customers and (B) Otherwise Continue Certain Customer Programs in the Ordinary Course of Business; (II) Authorizing Banks to Honor Payments on Account of Such Certain Prepetition Obligations Related to Customer Programs; and (III) Granting Related Relief* [Docket No. 5]

5.    ***Schedule H – Co-Debtors***.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

## III.    **Notes to Statements of Financial Affairs**

1.    ***Statements, Part 1, Questions 1 and 2 – Income and Non-business Revenue***.  Revenue has been provided from January 1, 2022 through the Petition Date.

2.    ***Statements, Part 2, Questions 3 and 4 – Payments to Certain Creditors***.  The Debtors operate an integrated system of bank accounts to facilitate the collection and disbursement of funds as part of the Cash Management System.  The Debtors' responses to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by the Debtors from bank accounts on behalf of the corresponding debtor, pursuant to the Debtor's Cash Management System described in the Cash Management Motion.

For the purposes of these Statements, the Debtors used the Petition Date as the date of the information for the financial information provided.  The Debtors have responded to Question 3 in detailed format by listing daily payments by vendor.  The response to Question 3, however, does not include transfers to the Debtors' bankruptcy professionals (which transfers appear in response to Part 6, Question 11).

Certain directors, members, or executive officers of one Debtor may also be directors, members, or executive officers of another Debtor.  To the extent payments to such

9

individuals are not listed in the response to Questions 3 and 4 on the Statements for such Debtor entities, they did not receive payment for their services as directors or executive officers of these entities. The amounts listed under Questions 3 and 4 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax or benefits withholdings.

In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to certain individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. As detailed herein, the listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for (1) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual exercised management responsibilities or functions or corporate decision-making authority over the Debtors, or (iii) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

In February 2024, Ares Commercial Finance LP, the prior lender under the Prepetition ABL Facility, exercised cash dominion and all proceeds from receivables collected into the Debtors' collection accounts were swept to the financier and applied to repay the loan balance. In order to fund operations, the Debtors submitted weekly funding requests to recover a portion of these funds. These daily sweeps are excluded from Question 3.

From the period September 2022 through August 2023, the Debtors retained Riveron RTS, LLC and Riveron Management Services, LLC (collectively, "Riveron") for consulting and interim Chief Financial Officer ("CFO") services. Amounts paid to individuals for these services reflected gross amounts paid to Riveron in the Debtors' books and records and are unable to be split by individual or service performed. As a result, amounts paid for such interim CFO services are excluded from Question 4.

3.    ***Statements, Part 4, Question 9 – Charitable Gifts***. Employees of the Debtors have made de minimis contributions to charities and sought reimbursement consistent with ordinary course practice.

4.    ***Statements, Part 6, Question 11 – Payments Related to Bankruptcy***. Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Petition Date. The services rendered pertain to (i) the Debtors' prepetition sale and marketing process, (ii) relief under the Bankruptcy Code, and (iii) preparation of a bankruptcy petition. Amounts listed reflect the total amounts paid to these respective firms, as bifurcating the specific restructuring activities would be administratively burdensome.

Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications and related orders.

5. ***Statements, Part 9, Question 17 –ERISA, 401(k), 403(b), Or Other Pensions or Profit-Sharing Plan.*** Prior to the acquisition of the Debtors by H.I.G. Capital in 2020, the Debtors offered a retirement plan through their parent, Genuine Parts Company (NYSE: GPC), also known as the "GPC Retirement Plan." This plan was not assumed as part of the acquisition and the "SSE Retirement Plan" was created.

6. ***Statements, Part 13, Question 25 – Businesses in which the Debtors Have an Interest****.* The Debtors have used their reasonable efforts to identify ownership interests of entities within the six years immediately preceding the Petition Date.

7. ***Statements, Part 13, Question 27 – Inventories****.* In October 2023, Ares Commercial Finance LP ("Ares"), the prior lender under the Prepetition ABL Facility, engaged Hilco Valuation Services to conduct an inventory appraisal to determine the Debtors' inventory net orderly liquidation valuation. This appraisal was prepared on behalf of Ares and is included in the response to this question for completeness. The Debtors conduct their own regular inventory counts at specific warehouses through Durkin Group.

8. ***Statements, Part 13, Question 28 – Officers, Directors, Managing Members, Controlling Interest Holders.*** For purposes of the Schedules and Statements, the Debtors define "controlling interest holders" to include entities that directly hold in excess of 20% of the voting interests of the applicable Debtor entity. Entities listed as "controlling interest holders" have been included for informational purposes only. The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could successfully argue that it is not a "controlling interest holders" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

9. ***Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders****.* All such known disbursements have been listed in the response to Statements, Part 2, Question 4.

\* \* \* \* \*

**Fill in this information to identify the case:**

Debtor Name: In re : SSE Buyer, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-11053 (BLS)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals                                12/15

## Part 1:    Summary of Assets

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

    1a. **Real property:**

      Copy line 88 from *Schedule A/B* ..........................................................................................    $ _____ 0.00

    1b. **Total personal property:**

      Copy line 91A from *Schedule A/B* ......................................................................................    $ _____ 0.00

    1c. **Total of all property:**

      Copy line 92 from *Schedule A/B* ........................................................................................    $ _____ 0.00

## Part 2:    Summary of Liabilities

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* .....................    $ _____ 158,087,128.84

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

      Copy the total claims from Part 1 from line 5a of *Schedule E/F* ............................................    $ _____ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ..................    + $ _____ 0.00

4. **Total liabilities**

    Lines 2 + 3a + 3b ..................................................................................................................    $ _____ 158,087,128.84

**Fill in this information to identify the case:**

Debtor Name: In re : SSE Buyer, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-11053 (BLS)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

**Part 1:    Cash and cash equivalents**

1.  **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2.  **Cash on hand**

_____    $ _____

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |

4.  **Other cash equivalents** *(Identify all)*

_____    $ _____

5.  **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.        $ _____ 0.00

Debtor: SSE Buyer, Inc.
_____
Name

Case number *(if known)*: 24-11053
_____

## Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

   | | Current value of debtor's interest |
   |---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   _____    $ _____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   _____    $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.

   | $ | 0.00 |
   |---|---|

Debtor: SSE Buyer, Inc.
_____
Name

Case number *(if known)*: 24-11053
_____

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

|  | Description | face amount | doubtful or uncollectible accounts |  |  |
|---|---|---|---|---|---|
| 11a.  90 days old or less: | _____ | $ _____ | - $ _____ | =..... ➔ | $ _____ |
| 11b.  Over 90 days old: | _____ | $ _____ | - $ _____ | =..... ➔ | $ _____ |

**12. Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor:   SSE Buyer, Inc.
_____   Case number *(if known):*   24-11053
          Name

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1 None | | $ |
|---|---|---|

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                % of ownership:

| 15.1 Supply Source Enterprises, Inc. | 100% | | $ | Undetermined |
|---|---|---|---|---|

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 None | | $ |
|---|---|---|

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

| | $ | 0.00 |
|---|---|---|

Debtor:  SSE Buyer, Inc.
_____    Case number *(if known)*:  24-11053
Name

---

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18.  **Does the debtor own any inventory (excluding agriculture assets)?**
   ☒  No. Go to Part 6.
   ☐  Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.  Raw materials** | | $ | | $ |
| **20.  Work in progress** | | $ | | $ |
| **21.  Finished goods, including goods held for resale** | | $ | | $ |
| **22.  Other inventory or supplies** | | $ | | $ |

23.  **Total of Part 5.**
   Add lines 19 through 22. Copy the total to line 84.

   $ _____ 0.00

24.  **Is any of the property listed in Part 5 perishable?**
   ☐  No
   ☐  Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
   ☐  No
   ☐  Yes.   Description_____   Book value $ _____   Valuation method _____   Current value $ _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
   ☐  No
   ☐  Yes

---

Debtor: SSE Buyer, Inc.
_____
Name

Case number *(if known)*: 24-11053

## Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
    - ☑ No. Go to Part 7.
    - ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 85.

    $ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
    - ☐ No
    - ☐ Yes. Is any of the debtor's property stored at the cooperative?
        - ☐ No
        - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No
    - ☐ Yes.  Description_____ Book value $ _____ Valuation method _____ Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
    - ☐ No
    - ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    - ☐ No
    - ☐ Yes

Debtor: SSE Buyer, Inc.
_____
Name

Case number *(if known)*: 24-11053

---

**Part 7:**   **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| | $ | | $ |
| 40. **Office fixtures** | | | |
| | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor:  SSE Buyer, Inc.                                      Case number *(if known)*:  24-11053
         _____
         Name

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ☒ No. Go to Part 9.

   ☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| _____ | $ _____ | | $ _____ |
| **49. Aircraft and accessories** | | | |
| _____ | $ _____ | | $ _____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $ _____ | | $ _____ |

51. **Total of Part 8.**

   Add lines 47 through 50. Copy the total to line 87.

   $ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

   ☐ No

   ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

Debtor: SSE Buyer, Inc.
_____
Name

Case number *(if known)*: 24-11053
_____

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**`

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor:  SSE Buyer, Inc.
_____
Name

Case number *(if known)*:  24-11053
_____

---

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑  No. Go to Part 11.
☐  Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐  No
☐  Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐  No
☐  Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐  No
☐  Yes

| Debtor: | SSE Buyer, Inc. | Case number *(if known):* | 24-11053 |
| | Name | | |

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)          Total face amount          doubtful or uncollectible accounts

71.1 None          $ _____ - $ _____ =..... ➔ $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 None          Tax year          $ _____

73. **Interests in insurance policies or annuities**

73.1 See Schedule A/B 73 Attachment          $          Undetermined

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 None          $ _____

Nature of claim          _____

Amount requested          $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 None          $ _____

Nature of claim          _____

Amount requested          $ _____

76. **Trusts, equitable or future interests in property**

76.1 None          $ _____

77. **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

77.1 None          $ _____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.          $          0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

Debtor: SSE Buyer, Inc.
_____
Name

Case number *(if known)*: 24-11053
_____

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column..............................91a. | $ 0.00  + 91b. | $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .............................................................................................. | | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : SSE Buyer, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-11053 (BLS)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☒ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1 Creditor's name**

TZ SSE Buyer LLC
Creditor's Name

**Creditor's mailing address**

Tranzonic Companies
Notice Name

26301 Curtiss Wright Parkway
Street

| Cleveland | OH | 44143 |
|---|---|---|
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

**Date debt was incurred**     See Note

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☒ No

☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   _____

   ☐ Yes. The relative priority of creditors is specified on lines

   _____

**Describe debtor's property that is subject to a lien**

First Priority Lien on substantially all of the Debtors' assets

$ 57,142,857.14    $    Undetermined

**Describe the lien**

ABL Credit Agreement

**Is the creditor an insider or related party?**
- ☒ No
- ☐ Yes

**Is anyone else liable on this claim?**
- ☐ No
- ☒ Yes. Fill out *Schedule H: Codebtors (Official Form 206H)*.

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

*Note: 5/21/2024 - Assignment and assumption of June 30, 2020 ABL and Term Loan*

Debtor:  SSE Buyer, Inc.

Name

Case number *(if known)*    24-11053

| Part 1: | Additional Page |
| --- | --- |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

*Column A*
**Amount of claim**
Do not deduct the value of collateral.

*Column B*
**Value of collateral that supports this claim**

2.2 **Creditor's name**

TZ SSE Buyer LLC

Creditor's Name

**Describe debtor's property that is subject to a lien**

Second Priority Lien on substantially all of the Debtor's assets

$    100,944,271.70    $    Undetermined

**Creditor's mailing address**

Tranzonic Companies

Notice Name

26301 Curtiss Wright Parkway

Street

**Describe the lien**

Term Loan Facility

| Cleveland | OH | 44143 |
| --- | --- | --- |
| City | State | ZIP Code |

Country

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Creditor's email address, if known**

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out S*chedule H: Codebtors(Official Form 206H).*

**Date debt was incurred**    See Note

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines

*Note: 5/21/2024 - Assignment and assumption of June 30, 2020 ABL and Term Loan*

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$    158,087,128.84

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | | | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|---|---|
| PWC | | | Line 2.1 | |
| Name | | | | |
| | | | | |
| Notice Name | | | | |
| 300 Madison Avenue | | | | |
| Street | | | | |
| | | | | |
| | | | | |
| New York | NY | 10017 | | |
| City | State | ZIP Code | | |
| | | | | |
| Country | | | | |
| PWC | | | Line 2.2 | |
| Name | | | | |
| | | | | |
| Notice Name | | | | |
| 300 Madison Avenue | | | | |
| Street | | | | |
| | | | | |
| | | | | |
| New York | NY | 10017 | | |
| City | State | ZIP Code | | |
| | | | | |
| Country | | | | |
| Weil, Gotshal & Manges LLP | | | Line 2.1 | |
| Name | | | | |
| | | | | |
| Notice Name | | | | |
| 767 Fifth Avenue | | | | |
| Street | | | | |
| | | | | |
| | | | | |
| New York | NY | 10153 | | |
| City | State | ZIP Code | | |
| | | | | |
| Country | | | | |

Debtor:  SSE Buyer, Inc.
_____
Name

Case number *(if known)*  24-11053
_____

Weil, Gotshal & Manges LLP
_____
Name

Line  2.2
_____

_____

Notice Name

767 Fifth Avenue
_____
Street

_____

New York                          NY                10153
_____
City                              State             ZIP Code

_____
Country

**Fill in this information to identify the case:**

Debtor Name: In re : SSE Buyer, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-11053 (BLS)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☒ No. Go to Part 2.

   ☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

2.1 **Priority creditor's name and mailing address**

Creditor Name

Creditor's Notice name

Address

City        State        ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**As of the petition filing date, the claim is:** $ _____  $ _____
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|
| | $ |

**Nonpriority creditor's name and mailing address**

Creditor Name

Creditor's Notice name

Address

City          State          ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐  No

☐  Yes

**Part 3:**     **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐   Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City                    State            ZIP Code | | |
| Country | | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ _____ 0.00 |
| 5b. | **Total claims from Part 2** | 5b. + | $ _____ 0.00 |
| 5c. | **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $ _____ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : SSE Buyer, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-11053 (BLS)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                     12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☑  No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☐  Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2.  List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **State what the contract or lease is for and the nature of the debtor's interest** | Name<br><br>Notice Name<br><br>Address |
| **State the term remaining** | |
| **List the contract number of any government contract** | |
| | City        State        ZIP Code<br><br>Country |

**Fill in this information to identify the case:**

Debtor Name: In re : SSE Buyer, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-11053 (BLS)

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1.  **Does the debtor have any codebtors?**

    ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☒ Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: **Codebtor** | | | | Column 2: **Creditor** | |
|---|---|---|---|---|---|
| **Name** | **Mailing address** | | | **Name** | **Check all schedules that apply:** |
| 2.1 Impact Products, LLC | 385 Long Hill Road<br>Street | | | TZ SSE Buyer LLC | ☒ D |
| | | | | | ☐ E/F |
| | | | | | ☐ G |
| | Guilford<br>City | CT<br>State | 06437<br>ZIP Code | | |
| | Country | | | | |
| 2.2 SSE Intermediate, Inc. | 385 Long Hill Road<br>Street | | | TZ SSE Buyer LLC | ☒ D |
| | | | | | ☐ E/F |
| | | | | | ☐ G |
| | Guilford<br>City | CT<br>State | 06437<br>ZIP Code | | |
| | Country | | | | |
| 2.3 Supply Source Enterprises, Inc | 385 Long Hill Road<br>Street | | | TZ SSE Buyer LLC | ☒ D |
| | | | | | ☐ E/F |
| | | | | | ☐ G |
| | Guilford<br>City | CT<br>State | 06437<br>ZIP Code | | |
| | Country | | | | |

Debtor: SSE Buyer, Inc.

Name

Case number *(if known)*: 24-11053

| 2.4 | The Safety Zone, LLC | 385 Long Hill Road | | TZ SSE Buyer LLC | ☑ D |
| | | Street | | | ☐ E/F |
| | | | | | ☐ G |
| | | Guilford | CT | 06437 | |
| | | City | State | ZIP Code | |
| | | Country | | | |

**Fill in this information to identify the case:**

Debtor Name: In re : SSE Buyer, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-11053 (BLS)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/18/2024
       MM / DD / YYYY

✖ / s / Thomas Studebaker
Signature of individual signing on behalf of debtor

Thomas Studebaker
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**In re: SSE Buyer, Inc.**
**Case No. 24-11053**
Schedule A/B 73
Interests in insurance policies or annuities

| Company | Account number / Policy number | Current value of debtor's interest |
|---|---|---|
| Alliant Insurance Services Inc. | G71815973004 | Undetermined |
| Alliant Insurance Services Inc. | PCX1000171-03 | Undetermined |
| Alliant Insurance Services Inc. | 10 MM 0353431-23 | Undetermined |
| AON | 06-681-84-86 | Undetermined |
| Arch Insurance Company | CAPP F052781 00 00 | Undetermined |
| Arch Insurance Company | 6081118041 | Undetermined |
| Continental Casualty Company | 6081118041 | Undetermined |
| Continental Casualty Company | BUA 6081118055 | Undetermined |
| Endurance American Insurance Company | 6081118086 | Undetermined |
| First Insurance Funding | EXC30001818803 | Undetermined |
| Great American Insurance Company | OC 261061 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh, PA | OC 261061 | Undetermined |
| Sirius International Insurance Corporation | EQP-002006-03 | Undetermined |
| The Continental Insurance Company | PST734855343 | Undetermined |
| The Continental Insurance Company | 6500334029 | Undetermined |
| The Continental Insurance Company | 6500334033 | Undetermined |
| The Continental Insurance Company | W353C8230101 | Undetermined |
| Twin City Fire Insurance Co. | 51935179 | Undetermined |
| Twin City Fire Insurance Co. | PLLP*0001739-0 | Undetermined |
| Underwriters at Lloyd's, London, Kiln (KLN510) / Underwriters at Lloyd's, London, TMK (TMK1880) | G71815948 001 | Undetermined |
| Westchester Fire Ins. Co. | G71815973004 | Undetermined |
| Westchester Surplus Lines Insurance Company | PCX1000171-03 | Undetermined |
| Westchester Surplus Lines Insurance Company | 10 MM 0353431-23 | Undetermined |
| | | **Undetermined** |