**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Supply Source Enterprises, Inc, *et al.*, [1] | Case No. 24-11054 (BLS) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR
<u>SUPPLY SOURCE ENTERPRISES, INC. (CASE NO. 24-11054)</u>**

---

[1]     The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: Supply Source Enterprises, Inc. (0842); SSE Intermediate, Inc. (1772); SSE Buyer, Inc. (5901); Impact Products, LLC (7450); and The Safety Zone, LLC (4597). The Debtors' headquarters are located at 385 Long Hill Road, Guilford, Connecticut 06437.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Supply Source Enterprises, Inc.*, et al.*,[1] | Case No. 24- 11054 (BLS) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS
## AND METHODOLOGY REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These Global Notes and Statement of Limitations and Methodology Regarding the Debtors' Schedules and Statements (the "Global Notes") comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of the information and data used in preparing the Schedules and Statements. Inadvertent errors, omissions, or inaccuracies may exist in the Schedules and Statements. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: Supply Source Enterprises, Inc. (0842); SSE Intermediate, Inc. (1772); SSE Buyer, Inc. (5901); Impact Products, LLC (7450); and The Safety Zone, LLC (4597). The Debtors' headquarters are located at 385 Long Hill Road, Guilford, Connecticut 06437.

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

## I.      Notes Applicable to all Schedules and Statements

**Note 1: Reporting Date**.  All asset and liability information, except where otherwise noted, is provided as of May 21, 2024 (the "Petition Date").

**Note 2: Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Note 3: Signatory**.  Thomas Studebaker has signed each set of Schedules and Statements.  Mr. Studebaker serves as Chief Restructuring Officer of the Debtors and is an authorized signatory for each of the Debtors in these chapter 11 cases.  In reviewing and signing the Schedules and Statements, Mr. Studebaker has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their legal and financial advisors.  Mr. Studebaker has not personally verified and could not personally verify the accuracy of each such statement and representation, but believes them to be true, correct, and accurate as of the date he signed the Schedules and Statements.

**Note 4: Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  These Schedules and Statements were not filed with the United States Securities and Exchange Commission (the "SEC") or any other authority, and neither the SEC nor any state authority has passed upon the accuracy or adequacy of the Schedules and Statements, or upon the merits of the Schedules and Statements.  In 2020, a private equity fund acquired the Debtors and its subsidiaries in a carve-out transaction. In an effort to create one consolidated and fully integrated business, all books and records and record keeping obligations were transferred to Impact Products, LLC in Spring of 2022. As of the Petition Date, the Debtor's books and records are still maintained at Impacts Products, LLC.  The Schedules and Statements are presented on a Debtor by Debtor basis; however, Impact Products, LLC is the only Debtor with activity to report.

**Note 5: Net Book Value**.  In certain instances, current market valuations for individual items of property and other assets are neither maintained by nor readily available to the Debtors.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date.

**Note 6: Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

**Note 7: Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are undetermined amounts, the actual total may be different from the listed total.

**Note 8: Causes of Action**.  Despite their reasonable efforts to identify all known assets, the

2

Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action, or in any way prejudice or impair the assertion of such claims or Causes of Action.

**Note 9: Claim Designation**.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."  The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate.  Listing a claim does not constitute an admission of liability by the Debtors.

**Note 10: Fiscal Year**.  Each Debtor's fiscal year ends on December 31.

**Note 11: Taxes:** The Debtors file federal tax returns on a consolidated basis through SSE Acquisition Holdings, LLC, a non-Debtor affiliate entity. State and local taxes are filed separately or on a consolidated basis consistent with requirements of each applicable jurisdiction.

**Note 12:  Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such known leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

**Note 13: Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

**Note 14: Undetermined Amounts.**  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

**Note 15: Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and

records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

**Note 16: Insiders**. In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities that the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. Persons and entities listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Statement, Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

**Note 17: Payments**. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their business (the "Cash Management System") (as described in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Perform Intercompany Transactions, and (D) Maintain Existing Business Forms; (II) Authorizing the Debtors' Banks to Honor All Related Payment Requests; and (III) Granting Related Relief* [Docket No. 7]) (the "Cash Management Motion"). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

**Note 18: Reservation of Rights**. In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time of their preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, inadvertent errors or omissions might exist, and subsequent information or discovery might result in material changes to or modification to the Schedules and Statements that require the Debtors to file amended Schedules and Statements. **The Debtors reserve all of their rights under Bankruptcy Rule 1009 to amend or modify any of the Schedules and Statements, including with respect to the treatment, characterization, classification, amount, omission, or inclusion of any claims, assets, liabilities, or executory contracts, and to the extent necessary to advance positions in these chapter 11 cases that might conflict with the Schedules and Statements.**

## II.   Notes to Schedules of Assets and Liabilities

1.   *Schedule A/B – Assets*. All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the Petition Date, unless otherwise noted below.

***Schedule A/B, Part 1 – Cash***.  The cash and cash equivalents listed in the Schedules reflect values as of end of business close on the Petition Date.

***Schedule A/B, Part 2, Question 8 – Prepayments, Including Prepayment on Executory Contracts, Leases, Insurance, Taxes, and Rent.***  The Debtors have made the determination that, as of the Petition Date, there may be up to approximately $2.6 million in value that has been prepaid related to insurance, taxes, rent, inventory, and other items.  The prepaid amounts related to inventory capture amounts required to be paid in advance by certain vendors to release product critical to operations.

***Schedule A/B, Part 3 – Accounts Receivable***.  The receivables listed in the Schedules reflect values as of the Petition Date and include receivables from the Debtors' customers.  These amounts are calculated gross of any amounts that, as of the Petition Date, may be owed for customer credits.

***Schedule A/B, Part 5 – Inventory, Excluding Agricultural Assets.***  Balances for finished goods are based on book value calculated as of the Petition Date. The Debtors have classified certain items that are technically work in progress ("WIP") as "finished goods," as such inventory, although still in process to be screened for bespoke customer orders, could be sold as a finished product before screening.  Amounts reported within are gross of any reserves for obsolete inventory.  In-transit inventory category allocation is derived by vendor names. This may result in values reported being spread to more than one category. In-transit inventory values exclude associated landed costs including ocean freight, domestic freight, duty, and tariff costs.  Amounts listed as property purchased within twenty (20) days prior to the Petition Date reflect gross inventory receipts delivered to certain Debtor warehouses.

***Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles***.  Dollar amounts are presented net of accumulated depreciation and other adjustments.  Unless otherwise indicated, owned property and equipment are listed at net book value.

***Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles***.  Despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may have not listed all of their machinery, equipment, rolling stock, and/or vehicles on Schedule A/B, Part 8.  The Debtors reserve the right to amend and supplement the Schedules if any such additional assets are identified.

***Schedule A/B, Part 10 – Intangibles***.  The value of the Debtors intangible assets is listed on Schedule A/B, Part 10 as undetermined as the Debtors have not conducted a recent valuation of intangible asset value.

***Schedule A/B, Part 11 – All Other Assets***.  The debtors maintain Net Operating Losses ("NOLs") related to prior years performance at SSE Acquisition Holdings, LLC, a non-Debtor affiliate entity. Accordingly, such NOLs are not included herein.  Additionally, despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action, potential causes of action, potential counterclaims, or potential crossclaims against third parties as assets in their Schedules.

2.      ***Schedule D – Creditors Who Have Claims Secured by Property***.  Except where otherwise noted, the value of all secured liabilities listed on Schedule D are calculated as of the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, subject to the Debtors' rights pursuant to any applicable court order.  By listing an "amount of claim" in Schedule D, the Debtors are not admitting or waiving any rights to assert that all or any portion of such claim is unsecured.  Further, the listing of a claim as secured is not an admission as to the validity of any lien.  Finally, although there are multiple parties that may hold a portion of the debt included in the Debtors' prepetition funded debt, only administrative agents have been listed for purposes of Schedule D.  The amounts reflected outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.

The descriptions provided in Schedule D are intended only to be a summary.  In certain instances, a Debtor may be a co-obligor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  Nothing in Schedule D and/or the Global Notes shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated, real property lessors, equipment lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.  The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's claim.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

3.      ***Schedule E/F – Creditors Who Have Unsecured Claims***.  Except where otherwise noted, the value of all unsecured liabilities listed on Schedule E/F are calculated as of the Petition Date.

The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  Some of the scheduled liabilities may be unknown, contingent and/or unliquidated at this time.  In such cases, the amounts may be listed as "Undetermined."

Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.

***Paid Claims***. The Debtors have authority to pay certain outstanding prepetition liabilities pursuant to the Bankruptcy Court's first day orders (collectively, the "First Day Orders"). As such, certain liabilities listed in these Schedules and Statements may have been subsequently reduced or satisfied pursuant to the First Day Orders notwithstanding the fact that the Debtors have listed claims and payables as of the Petition Date in these Schedules and Statements.

***Excluded Liabilities***. The Debtors have potentially excluded certain categories of liabilities from the Schedules and Statements. The Debtors have also excluded potential Claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist. Other immaterial liabilities may also have been excluded.

***Part 1 – Creditors with Priority Unsecured Claims***. The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.

Pursuant to the *Final Order (I) Authorizing But Not Directing, the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 131] (the "Employee Wage Order"), the Debtors received authority to pay certain prepetition obligations, including certain employee wages and other employee benefits in the ordinary course of business. Additionally, claims against the Debtors on account of wage or wage-related obligations may maintain priority under section 507 of the Bankruptcy Code, but are subject to the priority cap imposed under subsections (a)(4) and (a)(5) of section 507 of the Bankruptcy Code. The Debtors believe that such claims have been or will be satisfied in the ordinary course during the chapter 11 cases pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court. Accordingly, such claims have been excluded from Schedule E/F, Part 1.

***Part 2 – Creditors with Nonpriority Unsecured Claims***. The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made reasonable attempts to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. The amounts listed on schedule E/F may not reflect any right of setoff or recoupment, and the Debtors reserve any such setoff or recoupment rights. Additionally, certain creditors may assert materialmans' or other similar liens against the Debtors for amounts listed in Schedule E/F.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred

on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to amend Schedules D and E/F if, or when, the Debtors receive such invoices.

4.  ***Schedule G – Executory Contracts and Unexpired Leases***. Although the Debtors have made reasonable efforts to attribute an executory contract or unexpired lease to the applicable Debtor counterparty on Schedule G, because the Debtors' books and records and accounting is held at Debtor Impact Products, LLC all executory contracts and unexpired leases have been attributed to Debtor Impact Products, LLC. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend, supplement, or otherwise modify Schedule G.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. These rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, and title agreements. To the extent that such documents constitute executory contracts, the documents may have been omitted.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, some of which may be oral. While the Debtors have made every effort to reflect the current agreements, to the extent such contracts or agreements constitute executory contracts, certain of these contracts and agreements may not be listed individually on Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any contract, agreement, document or other instrument related to a creditor's claim. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements,

or other agreements made directly or indirectly by any agreements, instruments, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors have exercised reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor.

The Debtors' customer programs are not captured in schedule G and are further explained in the Debtors' *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Honor Certain Prepetition Obligations to Customers and (B) Otherwise Continue Certain Customer Programs in the Ordinary Course of Business; (II) Authorizing Banks to Honor Payments on Account of Such Certain Prepetition Obligations Related to Customer Programs; and (III) Granting Related Relief* [Docket No. 5]

5.   ***Schedule H – Co-Debtors***.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

## III.   **Notes to Statements of Financial Affairs**

1.   ***Statements, Part 1, Questions 1 and 2 – Income and Non-business Revenue***.  Revenue has been provided from January 1, 2022 through the Petition Date.

2.   ***Statements, Part 2, Questions 3 and 4 – Payments to Certain Creditors***.  The Debtors operate an integrated system of bank accounts to facilitate the collection and disbursement of funds as part of the Cash Management System.  The Debtors' responses to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by the Debtors from bank accounts on behalf of the corresponding debtor, pursuant to the Debtor's Cash Management System described in the Cash Management Motion.

For the purposes of these Statements, the Debtors used the Petition Date as the date of the information for the financial information provided.  The Debtors have responded to Question 3 in detailed format by listing daily payments by vendor.  The response to Question 3, however, does not include transfers to the Debtors' bankruptcy professionals (which transfers appear in response to Part 6, Question 11).

Certain directors, members, or executive officers of one Debtor may also be directors, members, or executive officers of another Debtor.  To the extent payments to such

individuals are not listed in the response to Questions 3 and 4 on the Statements for such Debtor entities, they did not receive payment for their services as directors or executive officers of these entities. The amounts listed under Questions 3 and 4 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax or benefits withholdings.

In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to certain individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. As detailed herein, the listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for (1) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual exercised management responsibilities or functions or corporate decision-making authority over the Debtors, or (iii) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

In February 2024, Ares Commercial Finance LP, the prior lender under the Prepetition ABL Facility, exercised cash dominion and all proceeds from receivables collected into the Debtors' collection accounts were swept to the financier and applied to repay the loan balance. In order to fund operations, the Debtors submitted weekly funding requests to recover a portion of these funds. These daily sweeps are excluded from Question 3.

From the period September 2022 through August 2023, the Debtors retained Riveron RTS, LLC and Riveron Management Services, LLC (collectively, "Riveron") for consulting and interim Chief Financial Officer ("CFO") services. Amounts paid to individuals for these services reflected gross amounts paid to Riveron in the Debtors' books and records and are unable to be split by individual or service performed. As a result, amounts paid for such interim CFO services are excluded from Question 4.

3.   ***Statements, Part 4, Question 9 – Charitable Gifts***. Employees of the Debtors have made de minimis contributions to charities and sought reimbursement consistent with ordinary course practice.

4.   ***Statements, Part 6, Question 11 – Payments Related to Bankruptcy***. Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Petition Date. The services rendered pertain to (i) the Debtors' prepetition sale and marketing process, (ii) relief under the Bankruptcy Code, and (iii) preparation of a bankruptcy petition. Amounts listed reflect the total amounts paid to these respective firms, as bifurcating the specific restructuring activities would be administratively burdensome.

Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications and related orders.

5. ***Statements, Part 9, Question 17 –ERISA, 401(k), 403(b), Or Other Pensions or Profit-Sharing Plan.*** Prior to the acquisition of the Debtors by H.I.G. Capital in 2020, the Debtors offered a retirement plan through their parent, Genuine Parts Company (NYSE: GPC), also known as the "GPC Retirement Plan." This plan was not assumed as part of the acquisition and the "SSE Retirement Plan" was created.

6. ***Statements, Part 13, Question 25 – Businesses in which the Debtors Have an Interest***. The Debtors have used their reasonable efforts to identify ownership interests of entities within the six years immediately preceding the Petition Date.

7. ***Statements, Part 13, Question 27 – Inventories***. In October 2023, Ares Commercial Finance LP ("Ares"), the prior lender under the Prepetition ABL Facility, engaged Hilco Valuation Services to conduct an inventory appraisal to determine the Debtors' inventory net orderly liquidation valuation. This appraisal was prepared on behalf of Ares and is included in the response to this question for completeness. The Debtors conduct their own regular inventory counts at specific warehouses through Durkin Group.

8. ***Statements, Part 13, Question 28 – Officers, Directors, Managing Members, Controlling Interest Holders.*** For purposes of the Schedules and Statements, the Debtors define "controlling interest holders" to include entities that directly hold in excess of 20% of the voting interests of the applicable Debtor entity. Entities listed as "controlling interest holders" have been included for informational purposes only. The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could successfully argue that it is not a "controlling interest holders" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

9. ***Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders***. All such known disbursements have been listed in the response to Statements, Part 2, Question 4.

\* \* \* \* \*

**Fill in this information to identify the case:**

Debtor Name: In re : Supply Source Enterprises, Inc.

United States Bankruptcy Court for the:  District Of Delaware

Case number (if known): 24-11054 (BLS)

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:    Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to Filing date  MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____ to _____  MM / DD / YYYY   MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____ to _____  MM / DD / YYYY   MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

Debtor:  Supply Source Enterprises, Inc.                    Case number *(if known)*:    24-11054
Name

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to Filing date<br>MM / DD / YYYY | _____ | $ _____ |
| **For prior year:** | From _____ to _____<br>MM / DD / YYYY      MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ to _____<br>MM / DD / YYYY      MM / DD / YYYY | _____ | $ _____ |

Debtor: Supply Source Enterprises, Inc.
_____
Name

Case number *(if known)*: 24-11054
_____

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3.** **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 . (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State        ZIP Code<br>_____<br>Country | _____ | $ _____ | ☐  Secured debt<br><br>☐  Unsecured loan repayments<br><br>☐  Suppliers or vendors<br><br>☐  Services<br><br>☐  Other |

**4.** **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | _____<br>Insider's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State        ZIP Code<br>_____<br>Country<br><br>**Relationship to Debtor**<br><br>_____ | _____ | $ _____ | |

Debtor: Supply Source Enterprises, Inc.    Case number *(if known)*:    24-11054

Name

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| _____ | | | |
| City        State        ZIP Code | | | |
| _____ | | | |
| Country | | | |

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | Last 4 digits of account number: XXXX– _____ | | |
| City        State        ZIP Code | | | |
| _____ | | | |
| Country | | | |

Debtor: Supply Source Enterprises, Inc.

Name

Case number *(if known):*    24-11054

---

**Part 3:**    **Legal Actions or Assignments**

**7.**    **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 SSE Parent, LP and Supply Sources Enterprises, Inc. v. Paul Haddad an Access Partners, Inc. | Breach of restrictive covenants | United States District Court District of Delaware<br>Name<br><br>844 N. King Street<br>Street | ☒ Pending<br>☐ On appeal<br>☐ Concluded |

| Case number | | |
|---|---|---|
| 1:99-mc-09999 | | Wilmington    DE    19895<br>City    State    ZIP Code<br><br>Country |

**8.**    **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the Property | Value |
|---|---|---|
| 8.1 _____<br>Custodian's name<br><br>_____<br>Street<br><br><br>_____<br>City    State    ZIP Code<br><br>_____<br>Country | _____<br><br>**Case title**<br>_____<br><br><br>**Case number**<br>_____<br><br>**Date of order or assignment**<br>_____ | $ _____<br><br>**Court name and address**<br>_____<br>Name<br><br>_____<br>Street<br><br>_____<br>City    State    ZIP Code<br><br>_____<br>Country |

Debtor: Supply Source Enterprises, Inc.                                    Case number *(if known)*:    24-11054

Name

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | $ |
| Creditor's Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |
| Country | | | |
| **Recipient's relationship to debtor** | | | |

Debtor: Supply Source Enterprises, Inc. 
Name

Case number *(if known)*:    24-11054

---

**Part 5:**    **Certain Losses**

10.    **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 _____ | _____ | _____ | $ _____ |

Debtor: Supply Source Enterprises, Inc.                                    Case number *(if known)*:    24-11054
_____                             _____
Name

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | _____ | _____ | _____ | $ _____ |
| | **Address** | | | |
| | _____ Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |
| | _____ Country | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | _____ | _____ | _____ | $ _____ |
| | **Trustee** | | | |
| | _____ | | | |

Debtor: Supply Source Enterprises, Inc.
_____
Name

Case number *(if known)*: 24-11054
_____

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |

**Address**

_____
Street

_____

_____
City            State            ZIP Code

_____
Country

**Relationship to Debtor**

_____

Debtor: Supply Source Enterprises, Inc.                                    Case number *(if known)*:    24-11054
      Name

| Part 7: | Previous Locations |
| --- | --- |

**14.  Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
| --- | --- |
| 14.1 _____ <br> Street <br><br> _____ <br><br> _____ <br> City     State     ZIP Code <br><br> _____ <br> Country | From _____  To _____ |

Debtor: Supply Source Enterprises, Inc.
_____
Name

Case number *(if known)*:  24-11054
_____

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1 | | | |
| | Facility Name | | |
| | Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept?<br><br>Check all that apply:<br>☐ Electronically<br>☐ Paper |
| | City        State        ZIP Code | | |
| | Country | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:  Supply Source Enterprises, Inc.                                    Case number *(if known)*:    24-11054
_____
Name

| Part 9: | Personally Identifiable Information |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒  No.

☐  Yes. State the nature of the information collected and retained.    _____

       Does the debtor have a privacy policy about that information?

       ☐  No

       ☐  Yes

**17.  Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒  No. Go to Part 10.

☐  Yes. Does the debtor serve as plan administrator?

       ☐  No. Go to Part 10.

       ☐  Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| 17.1 _____ | EIN: _____ |

       Has the plan been terminated?

       ☐  No

       ☐  Yes

Debtor: Supply Source Enterprises, Inc.

Name

Case number *(if known)*:  24-11054

---

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____<br>Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City    State    ZIP Code<br><br>_____<br>Country | XXXX-___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 _____<br>Name<br><br>_____<br>Street<br><br>_____<br>City    State    ZIP Code<br><br>_____<br>Country | _____<br><br>**Address**<br>_____ | _____ | ☐ No<br><br>☐ Yes |

---

Debtor: Supply Source Enterprises, Inc.                                    Case number *(if known)*:    24-11054

Name

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | | | | ☐ No |
| | Name | | | ☐ Yes |
| | Street | | | |
| | | | | |
| | | **Address** | | |
| | City        State        ZIP Code | | | |
| | Country | | | |

Debtor: Supply Source Enterprises, Inc.
Name

Case number *(if known)*: 24-11054

---

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 _____ Name _____ Street _____ _____ City  State  ZIP Code _____ Country | _____ | _____ | $ _____ |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Supply Source Enterprises, Inc.
_____
Name

Case number *(if known)*:    24-11054
_____

| **Part 12:** | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | _____ | Name _____ | _____ | ☐ Pending |
| | | Street _____ | | ☐ On appeal |
| | **Case Number** | | | ☐ Concluded |
| | _____ | City ___ State ___ ZIP Code ___ | | |
| | | Country _____ | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | Name _____ | Name _____ | _____ | _____ |
| | Street _____ | Street _____ | | |
| | City ___ State ___ ZIP Code ___ | City ___ State ___ ZIP Code ___ | | |
| | Country _____ | Country _____ | | |

Debtor:  Supply Source Enterprises, Inc.                                        Case number *(if known)*:    24-11054

Name

24.  **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1 | Name | Name | | |
| | Street | Street | | |
| | | | | |
| | City        State        ZIP Code | City        State        ZIP Code | | |
| | Country | Country | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Supply Source Enterprises, Inc.
Name

Case number *(if known)*:    24-11054

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25.  Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 Impact Products, LLC<br>Name | Operating Company | EIN: 34-1967450 |
| 385 Long Hill Road<br>Street | | **Dates business existed**<br>From  10/9/2001   To  Present |
| Guilford          CT          06437<br>City          State          ZIP Code | | |
| Country | | |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 The Safety Zone, LLC<br>Name | Operating Company | EIN: 06-1444597 |
| 385 Long Hill Road<br>Street | | **Dates business existed**<br>From  12/29/1995   To  Present |
| Guilford          CT          06437<br>City          State          ZIP Code | | |
| Country | | |

**26.  Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☑ None

| Name and Address | Dates of service |
|---|---|
| 26a.1<br>Name | From                    To |
| Street | |
| City          State          ZIP Code | |
| Country | |

Debtor:  Supply Source Enterprises, Inc.                                            Case number *(if known)*:    24-11054
_____
Name

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared  a financial statement within 2 years before filing this case.

☑ None

| Name and Address | Dates of service |
|---|---|
| 26b.1 | From _____ To _____ |
| Name | |
| Street | |
| _____ | |
| City          State          ZIP Code | |
| Country | |

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 | |
| Name | |
| Street | |
| | |
| City          State          ZIP Code | |
| Country | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1 |
| Name |
| Street |
| |
| City          State          ZIP Code |
| Country |

Debtor: Supply Source Enterprises, Inc.                                      Case number *(if known)*:    24-11054

Name

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
|  |  | $ |

| | Name and address of the person who has possession of inventory records |
|---|---|
| 27.1 | |
| | Name |
| | Street |
| | |
| | City          State          ZIP Code |
| | Country |

### 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| | Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | SSE Buyer, Inc. | 385 Long Hill Road, Guilford, CT  06437 | Sole Owner | 100% |

### 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,   members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☒ No

☐ Yes. Identify below.

| | Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | | | | From _____ To _____ |

Debtor: Supply Source Enterprises, Inc.                                    Case number *(if known)*:    24-11054

Name

**30.  Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | | | | |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City                State              ZIP Code | | | |
| | Country | | | |
| | **Relationship to debtor** | | | |

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1  SSE Acquisition Holdings, Inc. | EIN:  85-1372234 |

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN: |

Official Form 207              **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**                    Page 21

**Part 14:**  Signature and Declaration

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/18/2024
_____
MM / DD / YYYY

✘    / s / Thomas Studebaker                              Printed name    Thomas Studebaker
_____                                       _____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Chief Restructuring Officer
_____

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☑    No

☐    Yes